Dear Mr. Landry:
We are in receipt of your request for an opinion of the Attorney General. Succinctly, your questions are relative to powers of the Board of Aldermen for the Town of Broussard to hire, fire and regulate town employees. The validity of a proposed ordinance is questioned which would create a three-man committee with the power to hire, fire, investigate and discipline all employees of the town, and in the alternative, a four-man committee consisting of three aldermen and the Mayor with this power. Additionally, the validity of an ordinance is questioned wherein the four-man committee, while not having the power to hire and fire, could suspend, reprimand, discipline and investigate to get all employees working together. The committees would be construed as acting with the full authority of the full Council and have sole discretion in their action.
In contrast to the previously enumerated municipal powers that existed under R.S. 33:401-403, R.S. 33:361 now contemplates a municipality as a more or less autonomous entity. Nevertheless, the Legislature has still designated the exercise of certain powers in a Lawrason Act community as Broussard. Included in this designation is the directive that the mayor is the chief executive officer with his duties being set forth in R.S.33:404. Among the responsibilities of day-to-day administration, he has the authority, subject to state law, ordinance, and civil service rules, "to appoint and remove municipal employees". Atty. Gen. Op. Nos. 88-33, 86-705. While the aldermen can promulgate the policies and procedures for the hiring and firing, such as qualifications, limit the number, office hours (Atty. Gen. Op. Nos. 87-477, 86-325), they do not have the authority to do the hiring or firing.
In the case of Bourgere v. Anzelmo, 517 So.2d 1121 (La.App. 1987) the Court ruled that ordinances placing constraints on the hiring, firing and suspension of non-civil service municipal employees by the Mayor was in conflict with the statute giving the Mayor the administrative responsibilities for administering the municipality. It was invalid to give the aldermen a final veto or assent. The Court held that the Mayor has the right to hire and fire, subject only to the "policies and procedures" promulgated by the board of aldermen. As stated by the Court, "This duty to enact policies and procedures does not extend to the right to make individual decisions." Additionally, the Court concluded that the Mayor's power to hire and fire encompasses the power to suspend, and the ordinance requiring confirmation by the Board of Aldermen for suspension was invalid.
Based upon this reasoning, it must be concluded that the proposed ordinances giving a committee the power to hire, fire or suspend, or even participate jointly with the Mayor, is invalid inasmuch as this is a function of the Mayor under R.S. 33:404(A)(3). Not only do we find the proposed ordinances unacceptable, it is impossible to draft an ordinance which would give the Board of Aldermen the authority to hire, fire or suspend because of the statutory restrictions that give this authority to mayors.
We hope this will sufficiently answer your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR:atb